1

2

3             IN THE UNITED STATES DISTRICT COURT

4          FOR THE NORTHERN DISTRICT OF CALIFORNIA

5

6

7

8   CLENARD CEBRON WADE,              No. C 13-4636 TEH (PR)

9                 Petitioner,          ORDER REOPENING ACTION; ORDER
                                       OF DISMISSAL WITH LEAVE TO
10            v.                       AMEND

11  FRED FOULK, Warden,
                                       Docket #7
12                Respondent.

13  _____/

14          On October 7, 2013, Petitioner Clenard Cebron Wade, an

15  inmate at the High Desert State Prison, filed a petition for a writ

16  of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a

17  conviction and sentence from Contra Costa County Superior Court.

18  Petitioner conceded that several of his claims had not been

19  exhausted in the state courts.  On December 19, 2013, the Court

20  stayed the petition pending exhaustion of Petitioner's claims in the

21  California Supreme Court.

22          On January 30, 2014, Petitioner moved to re-open the

23  action, noting that the California Supreme Court had denied his

24  state habeas petition on January 15, 2014.  Accordingly, the Court

25  will re-open the instant action.  The petition is now before the

26  Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the

27  Rules Governing Section 2254 Cases.

28

I

In 2009, Petitioner was convicted by a Contra Costa County jury of grand theft, battery causing serious bodily injury, criminal threats, assault by force likely to produce great bodily injury, and false imprisonment.  He was sentenced to 33 years 8 months to life in state prison.  In April 2012, the California Court of Appeal reduced his grand theft conviction to petty theft, and in all other respects affirmed the judgment.  The California Supreme Court denied review.  Petitioner also filed unsuccessful petitions for writ of habeas corpus in the state courts.  The instant action was filed on October 7, 2013.

II

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).  Habeas corpus petitions must meet heightened pleading requirements. McFarland v. Scott, 512 U.S. 849, 856 (1994).  An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified."  Rule 2(c) of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254.  "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point

2

to a 'real possibility of constitutional error.'"  Rule 4 Advisory
Committee Notes (quoting <u>Aubut v. Maine</u>, 431 F.2d 688, 689 (1st Cir.
1970)).

It is unclear exactly what Petitioner is challenging in
his petition.  For example, Petitioner raises ten claims in his
petition.  He uses a form petition and lists Claims (1)-(3) in the
section for listing his claims.  He also attaches 15 pages listing
Claims (4)-(10).  In both Claims (3) and (5), Petitioner states that
appellate counsel rendered ineffective assistance by "fraudulently"
arguing for presentence credits when the credits had previously been
granted.  It is not clear why Petitioner is raising this claim
twice.  Further, Petitioner labels Claims (4) and (5) as "Moot
Issues" while labeling Claims (6)-(10) "Sufficient Specificity
Claims."  It is not clear what Petitioner means by these labels.

Further, for Claims (6)-(10), Petitioner provides both a
series of labels purportedly describing each claim and many pages of
"supporting facts."  For example, Petitioner describes "Claim 8" as
follows:  "Prosecutorial Misconduct, Prosecutorial Abuse of
Discretion, Malicious Prosecution, Intentional Malfeasance,
Misfeasance, Fraud in Fact, Abuse of Process, ... Extrinsic Fraud,
..."  Similarly, Petitioner describes "Claim 9" as "Prelim-
Magistrate and Trial Judge Misconduct, Abuse of Discretion and
Process, Judicial Bias, Judicial Activism, Misprision of a Felony
and Judicial Scienter ..."  This is nothing more than a listing of
titles of theoretical violations - some stating federal claims and
some not -  with no reference to how they apply to Petitioner's

3

conviction or the facts of his confinement.  Each of these claims is followed by three pages of "supporting facts."  The supporting facts do not make sense and discuss many different issues.  It is not clear whether these issues are additional claims, and if so what those claims are.  Without an understandable description of the nature of each federal claim and the facts in support of it, the Court cannot determine whether Petitioner has any claims for relief that the Court can entertain in a federal habeas action.  That same lack of information means that the petition would not give Respondent fair notice of Petitioner's claims so that he could prepare a meaningful response.

If a claim has been raised in a state appellate brief written by an attorney, it is usually sufficient for the petitioner to submit a copy of that state appellate brief to present his claim to this Court.  (This is because an appellate attorney usually will have provided an adequate explanation of the facts and law, as well as citations to the record so that the reviewing court may examine the claim.)  On the other hand, when a petitioner presents a claim that has not been presented in state court by an attorney, he must describe the facts that show the alleged constitutional violation, must cite to the record if possible, and may cite to relevant case authority in support of the claim.

Petitioner will be given leave to amend to clarify what his claims are.  He must list his claims clearly and concisely on the form or on a limited number of attached pages if more room is necessary.  He must clearly number and label each claim as "Claim

4

One", "Claim Two," etc., particularly if he includes claims on pages attached to the form petition.  Each claim must concisely and clearly assert a separate violation of federal law, and include a brief explanation as to how the violation occurred.  He may not include every argument or issue as a separate claim.  He may not simply include pages of discussion of issues that are not organized or labeled as identifiable claims.

III

For the foregoing reasons, the Court orders as follows:

1.   Petitioner's motion to re-open the action is GRANTED, and the Clerk is directed to ADMINISTRATIVELY REOPEN the instant action.

2.   The petition is DISMISSED with leave to amend within thirty (30) days from the date this order is entered.  The amendment must be on the court's form for prisoner Section 2254 petitions and must include the caption and civil case number used in this order (C 13-4636 TEH (PR)) and the words "AMENDED PETITION" on the first page.  The amended petition will supercede any prior filings and Petitioner is reminded that the amended petition must contain all claims he wishes to pursue and may not incorporate by reference any parts of the original petition.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

3.   Petitioner must clearly state the grounds for habeas relief challenging either the underlying state court criminal conviction or the legality of his confinement.  In the amended petition, Petitioner must demonstrate that the claims he has brought are exhausted and Petitioner should include only exhausted claims.

5

1    <u>Petitioner should include petitions to the California Supreme Court</u>

2    <u>and the decision of that Court on the claims he wishes to present in</u>

3    <u>federal court.</u>   If Petitioner fails to file an amended petition in

4    conformity with this order, this action will be dismissed without

5    prejudice.

6        4.   It is Petitioner's responsibility to prosecute this case.

7    Petitioner must keep the Court informed of any change of address and

8    must comply with the Court's orders in a timely fashion.   Failure to

9    do so may result in the dismissal of this action for failure to

10   prosecute pursuant to Federal Rule of Civil Procedure 41(b).

11       5.   The Clerk of the Court shall send Petitioner a blank

12   habeas corpus form along with a copy of this Order.

13           This Order terminates Docket No. 7.

14

15       IT IS SO ORDERED.

16

17   DATED       04/28/2014
                                    THELTON E. HENDERSON
18                                  United States District Judge

19

20

21

22   G:\PRO-SE\TEH\HC.13\Wade13-4636 Reopen.wpd

23

24

25

26

27

28                                  6