IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLENARD CEBRON WADE, | No. C 13-4636 TEH (PR) |
|     Petitioner, | ORDER TO SHOW CAUSE |
|     v. | |
| FRED FOULK, Warden, | |
|     Respondent. | |

Petitioner Clenard Cebron Wade, an inmate at High Desert State Prison, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a judgment of conviction from Contra Costa County Superior Court. On April 29, 2014, the Court reviewed the petition and found it difficult to discern the specific claims Petitioner wished to pursue. The Court dismissed with leave to amend in order to give Petitioner the opportunity to file a simple, concise, and direct petition which states clearly and succinctly each claim he seeks to bring in federal court. Petitioner filed an amended petition on June 2, 2014. (Doc. #11.)

I

In 2009, Petitioner was convicted by a Contra Costa County jury of grand theft, battery causing serious bodily injury, criminal threats, assault by force likely to produce great bodily injury, and false imprisonment. He was sentenced to 33 years 8 months to life in state prison. In April 2012, the California Court of Appeal reduced his grand theft conviction to petty theft, and in all other respects affirmed the judgment. The California Supreme Court denied review. Petitioner also filed unsuccessful petitions for writ of habeas corpus in the state courts. The instant action was filed on October 7, 2013.

II

A

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. McFarland v. Scott, 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not

sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting <u>Aubut v. Maine</u>, 431 F.2d 688, 689 (1st Cir. 1970)). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." <u>Calderon v. United States Dist. Court (Nicolaus)</u>, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

### B

In his first claim, Petitioner asserts the trial court erred in denying his request to represent himself. The claim is sufficient to require a response.

In his second claim, Petitioner asserts the trial court erred in instructing the jury on battery with serious bodily injury. The claim is sufficient to require a response.

In his third claim, Petitioner asserts his appellate counsel rendered ineffective assistance in arguing for presentence credits that had previously been granted. The claim is sufficient to require a response.

In his fourth claim, Petitioner asserts there was insufficient evidence of the prior strike convictions used to support a life sentence under California's Three Strikes Law. The claim is sufficient to require a response.

In his fifth claim, Petitioner asserts that his trial judge also served as the pre-trial judge presiding over more than twenty-five of his pre-trial appearances. Petitioner apparently asserts that this creates a presumption of judicial bias. The claim

3

is sufficient to require a response.

In his sixth claim, Petitioner asserts his preliminary hearing judge violated his constitutional right to a speedy trial. The claim is sufficient to require a response.

In his seventh claim, Petitioner asserts his trial counsel rendered ineffective assistance by failing to introduce exculpatory phone records into evidence at trial and by turning over inculpatory evidence to the prosecution. The claim is sufficient to require a response.

In his eighth and ninth claims, Petitioner asserts that the prosecuting attorney assigned to the first seventeen months of his case was "emotionally injured" and that the District Attorney's Office overcharged Petitioner so that his case would become a "cause celeb," distracting attention away from the sexual assault scandals plaguing the City of Richmond at the time. The claims are deficient because they do not specify how Petitioner's constitutional rights were violated. Petitioner's citation to United States v. Goldberg, 105 F.3d 770, 776 (1st Cir. 1997) — a case involving a claim of selective prosecution — is unavailing. The Supreme Court's "cases delineating the necessary elements to prove a claim of selective prosecution have taken great pains to explain that the standard is a demanding one." United States v. Armstrong, 517 U.S. 456, 463 (1996). The prosecutor has discretion as to who and how to charge, but those decisions must not violate equal protection by resting on "'an unjustifiable standard such as race, religion, or other arbitrary classification.'" Id. at 464 (citation omitted). To

4

establish a prima facie case of selective prosecution, the claimant must show that the prosecutorial policy (1) had a discriminatory effect and (2) was motivated by a discriminatory purpose.  See id. at 465.  Here, Petitioner presents no facts to show a prima facie case of selective prosecution.  Accordingly, claims 8 and 9 are dismissed for failure to state a claim.  Leave to amend will not be granted because Petitioner has already amended once, and it appears further amendment would be futile.

In his tenth claim, Petitioner asserts that he was not informed of all of the charges against him because certain counts were added to the information too late.  The claim is sufficient to require a response.

In his eleventh claim, Petitioner asserts juror misconduct and bias.  Specifically, Petitioner asserts that seven of the jurors gave biased answers on the jury questionnaire; four such jurors had personal knowledge of or issues with sexual abuse, which was one of the charges against Petitioner; and these four jurors included co-workers.  Petitioner also asserts that two of the jurors – a separate set of co-workers – worked for a luxury car dealership that was undergoing investigation by the District Attorney's Office at the time of Petitioner's trial.  The claim is sufficient to require a response.

III

For the foregoing reasons, the Court orders as follows:

1.   Claims eight and nine are DISMISSED with prejudice.

2.   The Clerk shall serve by certified mail a copy of

5

this Order and the Amended Petition, and all attachments thereto (i.e., Doc. #11), on Respondent and Respondent's attorney, the Attorney General of the State of California.  The Clerk also shall send a copy of this Order to Petitioner.

       3.   Respondent shall file with the Court and serve on Petitioner, within sixty (60) days of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the Answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the Petition.

       If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within thirty (30) days of his receipt of the Answer.

       4.   In lieu of an Answer, Respondent may file a Motion to Dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an Opposition or Statement of Non-Opposition within twenty-eight (28) days of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a Reply within fourteen (14) days of receipt of any Opposition.

       5.   Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed

on or before the deadline they seek to extend.

      6.    Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner also must keep the Court and all parties informed of any change of address.

IT IS SO ORDERED.

DATED     *9/29/14*

                                    THELTON E. HENDERSON
                                    United States District Judge

G:\PRO-SE\TEH\HC.13\Wade13-4636 OSC.wpd